NEW YORK,
May, 1826.

Robertson
v.
Livingston

---

## ROBERTSON *against* LIVINGSTON.

ASSUMPSIT tried at the New York circuit, March 26th, 1825, before BETTS, C. Judge; when the following facts were shown in evidence:

Nov. 19th, 1822, the plaintiff sold the defendant a lot of sheep for $292; and the defendant at the same time, left with the plaintiff wool, for sale on commission, which, on the 10th of January, 1823, the plaintiff sold to Pearson & Co. of New-Jersey about 15 miles from the city of New-York, (where the plaintiff traded,) the vendees then being in good credit for $385 44. The sale was on a credit of six months.

In April, 1823, Moses Robertson called on the plaintiff, with an order in writing, from the defendart to the plaintiff, to settle with the bearer, M. R., for wool which he left with the plaintiff the last fall for sale; and that should be his discharge for the same.

Where a commission merchant sold goods on a credit; and then settled with his principal, giving him a note for the balance, which he stated was to accommodate him; and, for that reason, he made it payable a few days after the note of the vendee fell due; held, that this was not an assumption of the vendee's debt; but it should have that to throw this upon the commission merchant, a clear intention to assume been shown.

It seems, that where a commission merchant is not restricted by instructions he may sell on a credit.

On the 29th of April, 1823, the plaintiff settled with M.
R. and gave him his note payable to the defendant at three
months, for $99 42, the sum due to the defendant, after
giving him credit for the net proceeds of the wool; and
$39 52, the net proceeds of another small .ot of wool; and
charging him with the sheep. The plain.iff, at the same
time stated an account upon the above principles; and in-
formed M. R. that the note of Pearson & Co., had not be-
come due; but in order to accommodate the defendant he
agreed to give his note as above, payable, however, some
few days after the note of Pearson & Co., would fall due.

Pearson & Co., had failed.

The jury found for the plaintiff $187 75.

*J. Crary* for the defendant, now moved for a new trial,
on the ground that the settlement and voluntary payment
of the balance was an assumption of the debt due from
Pearson & Co., (*Oakley* v. *Crenshaw*, 4 Cowen, 250;) and
that the money paid as this was, with a full knowledge of
all the facts, could not be recovered back. He also objec-
ted that the plaintiff had no right to sell on a credit.

*B. F. Butler*, contra.

*Curia*, per SUTHERLAND, J. Robertson, as a general
agent unrestricted by instructions, was authorized to sell
the wool of the defendant on a credit. That objection,
however was not taken at the trial; and cannot be now
raised. If the proposition be not true in general, it may
be the custom and usage of this branch of trade; which the
plaintiff had no opportunity of proving, as the question was
not raised before the jury.

The evidence clearly establishes, that Pearson & Co., to
whom the wool was sold, were in good credit at the time;
and that the plaintiff acted in good faith, and with all the
circumspection which his duty required in the transaction.

The circumstances attending the settlement of the ac-
count between the parties, and the giving of the note
by the plaintiff for the balance, repel the presumption which
might otherwise arise, that he intended to make himself ab-

solutely responsible for the payment. The agent of the defendant, with whom the settlement was made, was informed that the wool had been sold at six months credit; and that the note given by the plaintiff would fall due a few days after that of Pearson & Co. The account delivered to the agent, at the same time, showed that the sale was on a credit of six months, which would expire in July, about two months after the settlement. It is evident, therefore, that the settlement was nothing more than a liquidation of the account; and not an assumption, on the part of the plaintiff, of any responsibility which he had not previously incurred in relation to the solvency of Pearson & Co. In the case of *Oakley* v. *Crenshaw*, (4 Cowen, 250,) the agent, in so many words authorized his principal to draw for the whole amount of the balance due to him, for the express purpose of finally closing the account; although he stated, at the time, that but a part of the money had been received by him. This was properly held a final settlement and assumption of the debt; because it was evident that such was, at the time, the intention of the agent and the understanding of the principal. There were also other circumstances which distinguished that case from the present. The motion for a new trial must be denied.

New trial denied.