Leland
ads.
Douglass.

Under a contract to sell cattle for a reasonable reward, and to account for and pay over the proceeds, the agent is justified to sell upon credit. And where the contract was so stated in the declaration, and the proof was, that the agent was instructed to sell for *cash;* it was held, that there was a variance between the proof and the declaration, and that the plaintiff ought to have been nonsuited at the trial.

## Leland and Crane *ads.* Douglass.

This was an action of *assumpsit,* tried at the Oneida circuit, in April, 1827, before the Hon. Nathan Williams, one of the circuit judges. The *first* count in the declaration alleges, that the defendants received of the plaintiff a yoke of oxen, to be sold and disposed of for and on account of the plaintiff, for a reasonable reward to the defendants; and that the defendants promised to sell and dispose of the same, to render a just and true account of the sale, and pay over the price, &c.—breach, that though the defendants sold, &c. they have not rendered an account, nor paid the monies, &c. The *second* count alleges, that in consideration that the plaintiff had delivered to the defendants a yoke of oxen to be sold by the defendants for *cash* on account of the plaintiff, for a reasonable reward to be paid by the plaintiff, the defendants undertook, &c. to sell and dispose of the same for cash, and to account and pay over when requested—breach, that though the defendants received, &c. and sold the cattle, they had not accounted or paid, &c.

On the trial of the cause, it was proved by a witness, that he, as the agent of the plaintiff, delivered the cattle to *Leland,* one of the defendants, to be driven and sold on commission; and that he instructed him to sell for *cash;* that the defendants were partners in the droving business; that *Crane* admitted he sold the oxen, and stated the price at which they were sold; and the only excuse the defendants made for not paying over the proceeds was, that they had not, as yet, collected the money from the vendee.

The defendants' counsel moved for a nonsuit on the grounds, 1. That neither of the counts in the declaration was supported by the proof. The first did not allege a promise to *sell for cash* only; and the second was laid upon an executed consideration. 2. That the evidence did not establish a partnership, or shew a joint contract; which motion was denied. The defendants then offered to prove, that the uni-

form course of the market in New-York, (where the cattle were sold,) in making *sales for cash* of cattle, is, to deliver the cattle to the purchaser, who slaughters and weighs them, and after the weight is ascertained, pays for them ; which operation usually occupies two or three weeks in the sale of a drove of cattle ; that the cattle of the plaintiff, forming part of the drove of the defendants, were sold in this manner to a butcher in good credit 'for cash, to be paid according to the course of the trade ; that the cattle were slaughtered, and their value ascertained by weight, when, within two weeks from the sale, the butcher failed, and the defendants have not been paid ; that the defendants acted in good faith, and used all reasonable diligence. The judge rejected the testimony, and the jury found for the plaintiff.

*P. Gridley,* for the defendants. The plaintiff could not recover on the second count, which is on an executed consideration, and entirely unsupported by the proof ; (1 *Chit. Pl.* 295, 297 ;) and he should have been nonsuited for the variance between the first count and the evidence adduced. The error of the judge arose from not adverting to the distinction between *case* and *assumpsit.* In the former, the party recovers on the ground of a tortious neglect of instructions ; in the latter, on the contract as stated in the declaration. (*Livermore on Agency,* 375, 6.) The contract alleged in the first count, is, that the defendants will sell ; a sale on credit would be no violation of that contract, but such sale would not be justified on a contract to *sell for cash.* There is, therefore, a variance.

A partnership was not proved. Crane's acts do not establish the fact, nor make out a joint contract. (4 *T. R.* 720.)

The evidence offered of the sale in New-York, and the usage of the market there, ought to have been received. It would have proved a sale for cash, according to the course of trade, within the meaning of the contract. (2 *Comyn on Cont.* 532. *Powell on Cont.* 1, 376, 381. 9 *Wheaton,* 282.)

*C. P. Kirkland,* for plaintiff. There is no variance. The contract was to sell the cattle and account for them. What was said as to a sale for cash, was by way of instruction, and formed no part of the contract, any more than if such directions had been given a month afterwards. It is only necessary to allege the relation of principal and agent. The liability of the agent depends upon the instructions he receives; but it is not necessary to set them forth in the declaration, which, in this case, is in the usual form. (2 *Chitty,* 123.) An agent is bound to obey the instructions of his principal; if he sells on credit, contrary to instructions, he must bear the loss if any accrues. (1 *Com. on Cont.* 234, 236. *Livermore on Agency,* 2, 3, n. p. *Pothier on Obligations,* 53, n. 77. 1 *Cowen,* 668. 3 *Johns. C.* 36. 6 *Cowen,* 134.) A sale for *cash,* is where the delivery of the article sold and the payment of the price are simultaneous acts. (6 *Cowen,* 113.)

The evidence of usage was properly rejected. (2 *Burr.* 1216. 16 *Johns. R.* 367. 2 *T. R.* 271. 4 *T. R.* 750. The partnership or joint liability, was submitted to the jury, and they found for the plaintiff.

*By the Court,* SUTHERLAND, J. I am inclined to think the plaintiff should have been nonsuited on the ground of a variance between the contract proved, and that laid in the first count of the declaration. It is admitted that the recovery cannot be sustained under the 2d count, which is on an executed consideration. (1 *Chitty's Pl.* 295 to 310.)

The first count states the contract on the part of the defendant to have been, to sell the oxen of the plaintiff for a reasonable reward, and to account for, and pay over to the plaintiff the proceeds. Under this contract, the defendant would have been justified, under the exercise of a sound discretion, in selling the cattle upon a reasonable credit. The evidence shows, that at the time of the making of the contract, and of the delivery of the cattle to the defendants, they were instructed by plaintiff's agent, who made the contract, to sell *for cash.* The defendants having received the cattle under these instructions, thereby assented to them, and their contract was a contract to sell for cash only. The instruc-

tions being simultaneous with the delivery of the cattle, unquestionably constituted a part of the agreement or contract between the parties. The declaration should then have stated it as a contract to sell *for cash*. The partnership of the defendants was sufficiently proved. The evidence offered to show what a *sale for cash* was, according to the usage of the New-York market, was properly rejected.

New trial granted on the ground of variance.