### SETH HAPGOOD & another, Executors *vs.* TYLER BATCHELLER & another.

A factor sold goods of his principal to several different purchasers, on credit, and also sold his own goods, on credit, to one of the same purchasers, and took a note, payable to himself, for the amount of his own goods and those of the principal : He rendered an account of sales to his principal. stating at the foot thereof that the balance would be " due by average, if collected," on a certain day, and directed the principal to charge him " with sales due on " that day, the amount of the balance of said account : He afterwards made advances to the principal, and gave him a negotiable note, payable on demand. for the balance of the account as before rendered : The purchaser, of whom the factor took a note, as aforesaid, failed before the term of credit had expired, and paid nothing for the goods for which his note was given. *Held,* in a suit on the note thus given by the factor, that these facts did not show conclusively, that he was bound to pay the note in full, as they did not show a final settlement and payment of the account ; but that, on these facts, so much of the consideration of the note, as included the debt of the insolvent purchaser, had failed, and that, for so much of the note, the factor was not liable.

ASSUMPSIT on a promissory note for $ 544·46, signed by the defendants, dated November 14th 1839, payable to Bryant & Hapgood or order, on demand with interest, and by them indorsed to Hutchins Hapgood, the plaintiffs' testator

At the trial in the court of common pleas, evidence was introduced tending to prove the following facts : In the year 1838, said Bryant & Hapgood placed a quantity of boots in the hands of the defendants, to be sold on commission ; and before the 16th of July 1839, the defendants sold them to divers persons — the whole sales amounting to $915. On the 12th of July 1839, Bryant & Hapgood called for an account of sales, which the defendants rendered on the 15th of said July. This account showed sales to ten different individuals, extending from September 18th 1838 to July 15th 1839, and among others, a sale on the 5th of July 1839 to Shipman & Co. of Newark, (New Jersey,) of boots, to the amount of $180, on a credit of eight months. The account, thus rendered, contained the charges upon the property, and showed a balance in favor of Bryant & Hapgood, of $858·42. Against the balance thus stated, was this memorandum : "Due by average, if collected, September 1st 1839." The defendants' letter, which accompanied the account, stated that they had as yet received pay for only two items of sales (naming them, and not including the sale to Shipman & Co.) and directed Bryant & Hapgood to charge them (the defendants,) "with sales due September 1st, $858·42." The defendants, at the same time, remitted to Bryant & Hapgood $220, on account, who, on the 19th of the same July, acknowledged the receipt of the said account and letter. On the 14th of November 1839, the defendants paid Bryant & Hapgood $100, and gave them the note now in suit. No agreement was then made, and no conversation had, respecting the sums which had not been collected by the defendants on account of sales of Bryant & Hapgood's property ; but an account was stated, referring to the account rendered, as above mentioned ; and the note was given for the balance of the account thus stated, with interest from September 1st 1839.

Before the expiration of the term of credit given to Shipman & Co., they became insolvent, and have paid no part of said sum of $180. They were in good credit at the time of the sale, on the 5th of July 1839, and both before and after that day, the defendants had made sale to them of goods belonging

to themselves, and subsequently took their negotiable promissory note, dated July 5th 1839, which included the amount of the sales of the defendants' own goods, and the $180 due upon the sale of Bryant & Hapgood's property. This note was payable in eight months from date, and was given soon after said 5th of July. The precise sum, for which this note was given, did not appear ; but it was between $800 and $1200. The defendants never communicated the fact to Bryant & Hapgood, that they had taken such a note, nor was any evidence introduced tending to show that Bryant & Hapgood had any knowledge of it.

The defendants, at the trial, tendered to the plaintiffs a note recently made and signed by Shipman & Co. for $180, dated July 5th 1839, payable in eight months to the order of the defendants, and by them indorsed " without recourse."

The defendants did not receive a guaranty commission on the sales.

Upon the evidence of these facts, the defendants contended that the consideration of the note, to the extent of $180, had failed ; and they proposed to submit the question to the jury, whether it was not the intention of the parties, at the time the note was given, that the defendants should not be held accountable for the $180, unless they should receive it of said Shipman & Co., or should fail so to receive it, through their own negligence. But the judge, who presided at the trial, declined to submit this question to the jury, and instructed them that if the foregoing facts were proved to their satisfaction, they should return a verdict for the plaintiffs for the full amount of the note ; which the jury did accordingly. The defendants thereupon alleged ex ceptions to said instructions.

*Washburn*, for the defendants, cited *Robertson* v. *Livingston*, 5 Cow. 473. *Pitts* v. *Mower*, 6 Shepley, 361. Story on Agency, § 229. *Chesterfield Manuf. Co.* v. *Dehon*, 5 Pick. 7. *Denston* v. *Perkins*, 2 Pick. 86. *Thompson* v. *Perkins*, 3 Mason, 232.

*Brooks*, for the plaintiffs. There was a final settlement be- tween the parties. The plaintiffs had no knowledge of the note of Shipman & Co. ; and they gave up their claim on them, and

took the note of the defendants, on demand, relying wholly upon that. The case of *Oakley* v. *Crenshaw*, 4 Cow. 250, shows that the instructions to the jury were correct. See also *Simpson* v. *Swan*, 3 Campb. 291. The case in 5 Cow. 473, differs from the present. The court said, in that case, that the circumstances of the settlement repelled the presumption of an intention of the factor to become responsible absolutely. If the defendants did not intend to assume the debt of Shipman & Co., they should have so informed Bryant & Hapgood. *Consequa* v. *Fanning*, 3 Johns. Ch. 600.

HUBBARD, J. By the law merchant, it is clearly settled that a factor may sell the goods of his principal on credit, and that if he uses due diligence in regard to the solvency of the purchaser, he is not responsible, in case of loss by reason of the purchaser's failure before the term of credit expires. 2 Kent Com. (3d ed.) 623. *Goodenow* v. *Tyler*, 7 Mass. 36.

In the present case, the sales by the defendants were made in the usual manner, and the terms of credit were reasonable. And it is made certain by their account rendered July 15th 1839, that the sales were at the risk of the principals.

The only question which has been raised is, whether the facts, which took place subsequently, made the defendants responsible for the loss incurred on the sale to Shipman & Co. on the 5th of July preceding. And we are of opinion that the account rendered by the defendants, on the 14th of November 1839, is but a further representation of the previous transactions, with some advances for moneys collected, and in no way alters their then existing relations ; and that the giving of the note on demand, for the balance of that account — which note is the subject of the present suit — was no assumption to their account of the outstanding debts. No new consideration passed between the parties. The transaction was in law the same, as if the defendants had advanced the money for the balance of the account, at the request of the principals, which could be recovered back, in whole or in part, if the debts falling due should not be paid. A note given for the balance of an account, though *primâ facie* evidence of payment of the account, may be

explained and rebutted by proof as to the nature of the transaction between the original parties. Nor did the taking of a note from Shipman & Co., and including in it other demands, necessarily vary the relations of these parties. It is a practice well understood among all persons who consign goods for sale, that the commission merchant, for convenience, takes the notes of vendees in his own name, often including the sales for different consignors ; and that he holds such notes in trust for his princi pals. We see nothing in this case to lead to the conclusion that the defendants intended to assume the debt of Shipman & Co., or which altered their situation with their principals from the position in which they stood on the 15th of July, when they rendered their account. Nor do we see any act of theirs, by which the debt due from Shipman & Co. was put at hazard ; nor any thing to show conclusively that they treated it as paid. The case is substantially the same with that of *Robertson* v. *Livingston*, 5 Cow. 473.

We think the presiding justice of the court of common pleas erred in directing the jury to return a verdict for the plaintiffs, on the proof of the facts stated in the report of the case.

No point was raised at the hearing, in respect to the note of the defendants having been negotiated by the payees shortly after they received it.

The exceptions are sustained and a new trial ordered at the bar of this court.