HENRY W. CATLIN *v.* N. PRESTON SMITH.

*Consignment. Sales. Usage.*

Where A consigned merchandise to B, to sell on commission, with instructions to " sell for cash, or not on credit," and B sold and delivered the goods to a person who said he would pay for them in a few days, which promise he renewed from time to time, at intervals of two or three days, for two or three weeks, when he failed. In an action by A against B, to recover the value of the goods,— held, that B could not show in defense, a custom by which such sale was considered a cash sale.

ACCOUNT. The Facts in the case sufficiently appear in the opinion of the court.

*Kasson & Edmunds* for plaintiff.

*Salmon Wires* and *W. W. Peck* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The defendant is a commission merchant in Boston. The plaintiff being in Boston, left certain produce with defendant, to sell for a commission of two-and-a-half per cent., with instructions to " sell for cash, or not on credit," and by this we understand that he said what was equivalent to either, or both expressions. The defendant sold and delivered the goods to some person, who said he would pay for them in a few days, and this promise he renewed from time to time, at intervals of two or three days, for two or three weeks, when he failed and stopped business. Nothing has ever been realized by the defendant. The auditor reports, that this sale was what is called, among commission merchants in Boston, a cash sale, and that according to their custom, the defendant was guilty of no negligence, or departure from instructions.

The county court disallowed this item in the plaintiff's account.

The question now is, whether it was rightfully, or not, disallowed.

It is undoubtedly true, that this contract, being made in Boston, and there to be executed, is to be judged of by the laws of Massachusetts. The case of *Clark* v. *Van Northwick,* 1 Pick. 343, is relied upon as showing that, by the law of that State, this sale is regarded as conforming to such instructions as were here given. But it must be remembered, that that case was a New York transaction, and strictly speaking, only shows the law of New York. From what is there said of a similar custom prevailing in Boston, and the same custom being allowed to govern a similar contract in New York, there is perhaps, little doubt that the court there would have made a similar determination in regard to the law of Massachusetts, had it become necessary. But no such decision was made, and it does not appear that any such decision has ever been made by their court, in regard to the law of Massachusetts.

And judging from the cases read in argument, it seems to us, that the New York courts have not recognized any such law, but the contrary. The case of *Leland* v. *Douglass,* 1 Wend. 490, in effect decides this. The offer there, was to show that in the New York market, such sales as these are regarded as cash sales, although in fact made on a credit of two weeks, or more; and that instructions to sell for cash, imports a sale on credit of this kind,

and if the factor uses due diligence to collect, he is not liable.   In this case, if the custom could have been regarded as qualifying the instructions, it would have brought the case within the declaration, and should have been received.   But the Supreme Court held that this evidence was properly rejected at the Circuit Court. And the case of *Bliss* v. *Arnold*, 8 Vt. 252, is an express determination of this court, that such is not the law of New York. We have no other express decision in regard to this custom any where, except in the case of *Barksdale* v. *Brown*, 1 Nott. & McCord, 517, referred to in the very accurate note, in 1 Smith's Leading Cases, 498 *Wigglesworth* v. *Dallison*, where the custom was disregarded as inconsistent with the terms of the contract.

It is obvious, then, that the preponderance of express authority upon the subject, is rather against the existence of such a rule of law, any where.   But it may be claimed to be so far consonant with established general principles, that it ought to be regarded 'as law every where.

In regard to this view, it is no doubt true, that custom, or usage of particular trades, in particular places, is, of necessity, very often resorted to in courts of justice, for the purpose of determining the extent of the obligation of contracts, their import and interpretation.   Many strong cases of the application of this rule, will be found in the English note to *Wigglesworth* v. *Dallison, ubi supra*; some perhaps, coming quite or nearly up to the present.   It is thus stated, " That evidence has been received to show, that by the custom of a particular district," one thousand rabbits, mean twelve hundred rabbits.   *Smith* v. *Wilson*, 3 B. & Ald. 728.   But the general current of the cases fall very far short of this.   The general rule, in regard to the admissibility of usage, requires that it should be reasonable, certain, and consistent with the general known import of the words used in the contract, to which the usage is to be applied.

And in our judgment, the application proposed to be made of this usage, is essentially deficient in all these particulars.   Its uncertainty alone, might not prove a fatal objection, but a range from one day to three weeks, is surely a most convenient uncertainty! Such an one, as we are slow to believe, ever exists among business men of character, except in extreme emergencies.   The reasonableness of this usage, and its consistency with the terms of the in-

structions, depend upon the same considerations. No rule is better established, than that an express contract cannot be controlled by any custom or usage, local or general. This is a cardinal point, running through all the cases upon this subject. That is the case of *Yeates* v. *Pyne*, 6 Taunt. 445, where it was held that a contract for prime singed bacon, could not be controlled by an usage in the bacon trade, to admit under that description, bacon more or less deteriorated, according to a certain rule, called "average taint." And this is but a fair example of all the best considered cases upon this subject. It will not be questioned by any one, I suppose, that the defendant was bound to follow instructions, the same as if he had expressly so stipulated. And it can make no difference whether the contract is in writing, when we learn its exact purport, as in the present case. That being so, nothing short of an express determination upon the very point, could ever raise any doubt in our minds, that, upon due consideration, the Massachusetts court will never determine, that in a case like the present, by the law of that State, this defendant is not liable for this portion of the account. It is scarcely possible to make a contract more explicit than the present, or to conceive of any usage more explicitly subversive of its very essence, than the one reported in this case by the auditor. If any sale ever was a sale, upon credit, this was one. And if any man ever could violate his duty of faithful agency, by departing from instructions, it was done in this case.

Judgment reversed, and judgment for plaintiff for the largest sum.