## DAYLIGHT BURNER CO. *v.* ODLIN.

A travelling merchant, who is authorized to sell all the goods of his principal that he can sell, within his business circuit, on a commission of ten per cent., is to be regarded as the general agent of his principal, and clothed apparently with the power of fixing the price, and the time and mode of the delivery of the goods, and the payment of the price,—unless a different usage in such trade be shown.

And third persons will not be affected by a limitation on this authority, which is not brought to their notice, or in relation to which they are not put upon inquiry.

Therefore, when such agent has sold goods on credit, which are forwarded by his principal by express, and marked " cash on delivery," the expressman, having no notice of any limitation of the agent's authority, may, upon the order of the agent, deliver the goods without payment of the price.

It was *held,* also, that whether the entry of " cash on delivery" put the expressman on inquiry, was a proper question for the jury.

ASSUMPSIT, by the Daylight Burner Company against James W. Odlin, an expressman, for delivering goods marked " C. O. D." without receiving the price. The plaintiff is a corporation, doing business in the city of New York. The defendant is an expressman, between Boston and Exeter. The plaintiff sent from New York, by Adams's express, a package of goods directed to one Berry, Exeter, N. H., and a bill of the same, for $55.80, from the plaintiff to Berry, marked " C. O. D.," which, by the usage of express business, means " cash on delivery," and imports an order that the goods are not to be delivered to the consignee unless he pays the amount of the bill, which the expressman is to return to the consignor; and such was the understanding of the plaintiff and the defendant. The defendant carried the goods and bill from Boston to Exeter, and Berry refused to pay the price, alleging that, by the terms of the bargain under which he was to receive them, he was not to pay for them cash on delivery. The bargain with Berry was made by one Moore. Upon the refusal of the defendant to deliver the goods to Berry without payment of the bill, a correspondence ensued between Berry and Moore; and Berry received from Moore, and gave to the defendant, a written order from Moore to the defendant, directing the defendant to deliver the goods to Berry " without C. O. D.," and the defendant delivered them accordingly without payment.

The plaintiff's evidence tended to show that Moore travelled to sell his own goods, and that he said to one Ludlow, who was the secretary, treasurer, and general business agent, manager, and one of the three directors of the plaintiff, that he might, in his travels, find customers for some of the plaintiff's goods; that Moore was to receive from the plaintiff ten per cent. of the amount of his sales of the plaintiff's goods; that he made several sales for them; that he had no interest in the corporation or its goods; that he had no authority to sell the plaintiff's goods on any other terms than cash on delivery; that he had no authority to give said written order to Odlin, and that the order was given and executed without the knowledge of the plaintiff.

The defendant's evidence tended to show that, by the bargain made by Moore with Berry, Berry was not to pay for the goods cash on delivery.

The court instructed the jury that there was evidence for them to consider upon the question whether Moore was an agent of the plaintiff, authorized to sell the plaintiff's goods; that if there was an understanding between the plaintiff and Moore, that Moore had authority to sell the plaintiff's goods for cash on delivery, and that he was to receive from the plaintiff ten per cent. of the amount sold by him, as payment for his services, he was an agent of the plaintiff, and authorized to sell the plaintiff's goods for cash on delivery; and that, as between him and the plaintiff, the limitation that he should sell only for cash on delivery was binding; but that such limitation of his authority would not necessarily conclude other persons who had no notice of it; that if the defendant had no notice of the limitation, if he knew nothing of Moore's authority except that he was authorized to sell, and if the

defendant, in good faith, delivered to Berry without payment goods sold by Moore as agent of the plaintiff, which Moore ordered the defendant to deliver without payment, the defendant is not liable; that the defendant is held to have had notice of the limitation if he was put upon inquiry, and if by reasonable inquiry he would have ascertained it; and that, upon the question whether he was put upon inquiry, the fact that the bill of the goods was marked "C. O. D." was evidence for the jury to consider. To these instructions the plaintiff excepted.

The plaintiff excepted to the refusal of the court to give the following instructions:

1. Moore's order was not sufficient authority to Odlin to deliver the goods.

2. There is no evidence that Moore was the agent of the plaintiff authorized to change the contract of the plaintiff with Odlin.

3. If Moore had the right to sell the goods, he would not have the right to change the contract with Odlin, and order the goods delivered without payment.

4. The bill marked " C. O. ,D." was notice to the defendant of Moore's limited authority.

5. If the bill was not notice, it was sufficient to put the defendant on inquiry.

Verdict for the defendant, and the plaintiff moved to set it aside.

*Wood,* for the plaintiff.

The contract made by the defendant and the plaintiff was cash on delivery, and no person had the right to change that contract. It is well settled that any agent to sell for cash cannot sell on credit if the purchaser is aware of the terms of the agency. Story on Agency, sec. 127; *Howard* v. *Braithwaite,* 1 Ves. & B. 209; *Stainer* v. *Tysen,* 3 Hill 279; *Barnard* v. *Wheeler,* 24 Me. 412. The plaintiff sent the goods, and made the contract with the defendant to get the cash on delivery, and he had no authority to deliver without the cash, and change the contract. This contract was made by the defendant and the plaintiff as principal, and could not be changed by the defendant. By the contract, the defendant was notified that the sale was for cash and not on credit. What stronger language could the plaintiff have used to guard his rights? By it he declared to Odlin the true intent and purpose of the sale, and if it can be possible for a principal, in any case, to use language to protect his interest, it is in this case; that no person was authorized to sell the goods on credit, fully appears; that Odlin was so notified, appears in the contract. If the contract was not a notice to Odlin in itself, it was of such a character that it put him on inquiry. He was bound, as a matter of law, to inquire. *Towle* v. *Leavitt,* 23 N. H. 374; *Cameron* v. *Little,* 13 N. H. 26. Whatever puts a party on inquiry that would result in his obtaining full information, is a notice. 3 U. S. Dig. 62, sec. 17, and cases cited. Odlin made an explicit agreement with the plaintiff, " cash on delivery," and it is just that he

should be holden by it. No wrong can be done to hold a carrier responsible under circumstances like the case at bar. He cannot be discharged from the contract by an unauthorized person.

*Marston*, for the defendant.

The verdict establishes the following facts:

1. That Moore was the plaintiff's agent to sell goods.

2. That the defendant knew it, but did *not* know of the limitation of the agent's authority to sell for cash only, and so the defendant delivered the goods, in good faith, on the agent's order.

3. That if there was anything to put the defendant upon inquiry, he could not, by any reasonable inquiry, have ascertained the limitation of the agent's authority.

The agency was a general one to sell goods on ten per cent. commission. The authority to sell carried with it an apparent authority to deliver the goods sold, arrange the terms of payment, and receive payment, as incident to the authority to sell, and within its general scope. In such cases, *apparent* authority is *real* authority, so far as parties dealing with the agent are concerned. *Pickering* v. *Busk*, 15 East 43; *Lobdell* v. *Baker*, 4 Met. 203; *Backman* v. *Charlestown*, 42 N. H. 131, and authorities there cited; Story's Agency, sec. 102; *Goodale* v. *Wheeler*, 11 N. H. 424; *Gillman* v. *Robinson*, 1 Car. & Payne 642; *Capel* v. *Thornton*, 3 Car. & Payne 352.

The instructions prayed for by the plaintiff are all embraced in the general charge.

BELLOWS, C. J. From the uncontradicted testimony of the plaintiff and the finding of the jury, it may be assumed that Moore was clothed by the plaintiff with an apparent authority, like that of a factor, to sell all the goods of the plaintiff he could sell within his business circuit, on a commission of ten per cent.

As incident to that general authority, he had power to fix the terms of sale, including the time, place, and mode of delivery, and the price of the goods, and the time and mode of payment, and to receive payment of the price, subject of course to be controlled by proof of the mercantile usage in such trade or business.

There is some conflict in the adjudged cases upon the question of the authority of a factor to sell on credit, but we think the weight of modern authority is in favor of the position that he may sell on credit, unless a contrary usage is shown. *Goodenow* v. *Tyler*, 7 Mass. 36; *Hapgood* v. *Batcheller*, 4 Met. 576; *Greely* v. *Bartlett*, 1 Greenl. 178; *Van Alen* v. *Vanderpool*, 6 Johns. 70; *Robertson* v. *Livingston*, 5 Cow. 473; *Leland* v. *Douglass*, 1 Wend. 490;—and see 1 Am. Lead. Cases, 4th ed., 662, note, where it is said that it is universally established as the law-merchant that a factor may sell on credit. So is *Laussatt* v. *Lippincott*, 6 S. & R. 386, and *May* v. *Mitchell*, 5 Humph. 365, and Story on Agency, sec. 209.

The same views are recognized in *Scott* v. *Surman,* Willes 406; *Russell* v. *Hankey,* 6 T. R. 12; *Haughton* v. *Mathews,* 3 B. & P. 489, per CHAMBRE, J.; 3 Selw. N. P. 719.

In the case before us, Moore stands much on the same footing as a factor. The most marked distinction is, that he is a travelling merchant, and did not apparently have his principal's goods with him; but this, we think, cannot affect the rule.

The reason of that rule in the case of factors is, that it is found, by experience and repeated proofs in courts of justice, that it is ordinarily the usage of factors to sell on credit; and the same reason will apply in this case.

We have a case, then, where the agent was apparently clothed with the authority to sell the plaintiff's goods, without limitation as to the quantity, and on commission, for cash or on credit as he might think proper; and this being so, Moore must be regarded, in respect to third persons, as the plaintiff's general agent, whose authority would not be limited by instructions not brought to the notice of such third persons. *Backman* v. *Charlestown,* 42 N. H. 125, and cases cited.

As Moore, then, in respect to third persons, had the power to sell on credit, the authority to control the delivery of the goods so sold and sent to his order, for the purpose of making it conform to the contract of sale, would necessarily come within the scope of his agency; and we think his order to the defendant would justify a delivery of the goods without payment, unless he had notice of the agent's want of authority. As to him the agent's apparent authority was real authority.

The marking of the package by another agent of the plaintiff, to the effect that cash was required on delivery, was not in law notice of such want of authority, although it might be sufficient to put the defendant upon inquiry. That, however, was properly left to the jury, and they have found it not to be sufficient for that purpose. The marking of the package in that way does not necessarily imply that the agent had no authority to sell on credit, but it might indicate merely that the person so marking it supposed the sale to be for cash. And it might well be considered to come within the scope of Moore's agency to make the delivery conform to the contract of sale.

As the defendant, therefore, is found to have had no notice of any want of authority in Moore, and was not put upon inquiry, there must be

*Judgment on the verdict.*